# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED ) |
| STONE ENERGY CORPORATION, NEAL P. GOLDMAN, DAVID I. RAINEY, JAMES M. TRIMBLE, BRAD JUNEAU, CHARLES M. SLEDGE, DAVID N. WEINSTEIN, TALOS ENERGY LLC, TALOS PRODUCTION LLC, SAILFISH ENERGY HOLDINGS CORPORATION, AND SAILFISH MERGER SUB CORPORATION, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on November 21, 2017 (the "Proposed Transaction"), pursuant to which Stone Energy Corporation ("Stone Energy" or the "Company") will merge with Talos Energy LLC.

2. On November 21, 2017, Stone Energy's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a transaction agreement (the "Transaction Agreement") with Talos Energy LLC, Talos Production LLC, Sailfish Energy Holdings Corporation, and Sailfish Merger Sub Corporation (collectively, "Talos").

3.     Pursuant to the terms of the Transaction Agreement, Stone Energy and Talos Energy LLC will merge. The combined company will be named Talos Energy, Inc. and is expected to trade on the New York Stock Exchange under the new ticker symbol "TALO."

4.     In connection with the Proposed Transaction, each outstanding share of Stone Energy common stock will be exchanged for one share of Talos Energy, Inc. common stock and the current Talos stakeholders will be issued an aggregate of approximately 34.2 million common shares. At closing, Talos stakeholders will own 63% of the combined company, with Stone Energy shareholders owning the remaining 37%.

5.     On December 29, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

6.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement, and that the stockholder vote should be enjoined until defendants disclose the material information sought herein.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

8.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of

jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

10. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Stone Energy common stock.

11. Defendant Stone Energy is a Delaware corporation and maintains its principal executive offices at 625 E. Kaliste Saloom Road, Lafayette, Louisiana 70508. Stone Energy's common stock is traded on the NYSE under the ticker symbol "SGY."

12. Defendant Neal P. Goldman ("Goldman") is a Chairman of the Board of Stone Energy.

13. Defendant David I. Rainey ("Rainey") is a director of Stone Energy.

14. Defendant James M. Trimble ("Trimble") is a director of Stone Energy.

15. Defendant Brad Juneau ("Juneau") is a director of Stone Energy.

16. Defendant Charles M. Sledge ("Sledge") is a director of Stone Energy.

17. Defendant David N. Weinstein ("Weinstein") is a director of Stone Energy.

18. The defendants identified in paragraphs 12 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Talos Energy LLC is a Delaware limited liability company and a party to the Transaction Agreement.

20. Defendant Talos Production LLC is a Delaware limited liability company and a party to the Transaction Agreement.

21. Defendant Sailfish Energy Holdings Corporation is a Delaware corporation and a party to the Transaction Agreement.

22. Defendant Sailfish Merger Sub Corporation is a Delaware corporation and a party to the Transaction Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Stone Energy (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of the close of business on November 21, 2017, there were approximately 19,999,1112 shares of Stone Energy common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Stone Energy is an independent oil and natural gas exploration and production company headquartered in Lafayette, Louisiana with an additional office in New Orleans.

31. The Company is engaged in the acquisition, exploration, development, and production of properties in the Gulf of Mexico basin.

32. On November 21, 2017, the Individual Defendants caused the Company to enter into the Transaction Agreement.

33. Pursuant to the terms of the Transaction Agreement, Stone Energy and Talos Energy LLC will merge. The combined company will be named Talos Energy, Inc. and is expected to trade on the New York Stock Exchange under the new ticker symbol "TALO."

34. Under the terms of the transaction, each outstanding share of Stone Energy common stock will be exchanged for one share of Talos Energy, Inc. common stock and the current Talos stakeholders will be issued an aggregate of approximately 34.2 million common shares.

35. At closing, Talos stakeholders will own 63% of the combined company, with Stone Energy shareholders owning only 37%.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

36.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

37.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38.     The Registration Statement omits material information regarding the Company's and Talos's financial projections and the analyses performed by the Company's financial advisor, Petrie Partners Securities, LLC ("Petrie").

39.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40.     With respect to the Company's financial projections, the Registration Statement fails to disclose all line items used to calculate: (i) EBITDA (earnings, interest, taxes, and depreciation and amortization); (ii) discretionary cash flow (cash flow from operations and changes in working capital); and (iii) free cash flow (changes in working capital).

41.     With respect to Talos's financial projections, the Registration Statement fails to disclose all line items used to calculate: (i) EBITDA (earnings, interest, taxes, and depreciation and amortization); (ii) discretionary cash flow (cash flow from operations and changes in working capital); and (iii) free cash flow (changes in working capital).

42. The Registration Statement also fails to disclose financial projections for Talos Energy, Inc.

43. With respect to Petrie's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate range; (ii) the values of Stone's and Talos's estimated general and administrative expenses, commodity derivatives and other assets and liabilities, long-term debt, capitalized leases, and net working capital; and (iii) the value of the senior unsecured notes for Talos that will be exchanged in the Proposed Transaction.

44. With respect to Petrie's Going Concern Analysis, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the calculation of the terminal EBITDA multiples; (ii) the inputs and assumptions underlying the range of discount rates; (iii) the values of Stone's and Talos's long-term debt and cash; and (v) the value of Talos's capitalized leases and the senior unsecured notes that will be exchanged in the Proposed Transaction.

45. With respect to Petrie's Precedent Transactions for Stone Energy and Talos Energy Analysis, the Registration Statement fails to disclose: (i) the individual multiples for the transactions observed by Petrie in the analysis; (ii) the value of Stone's long-term debt and net working capital; (iii) the research analysts and their respective estimates of Talos's net asset value for Mexican assets; (iv) the value of Talos's long-term debt, capitalized leases, and net working capital; and (v) the value of Talos's senior unsecured notes that will be exchanged in the Proposed Transaction.

46. With respect to Petrie's Precedent Transactions - Oil & Gas Corporate Transactions Analysis, the Registration Statement fails to disclose: (i) the individual multiples for the transactions observed by Petrie in the analysis; (ii) the values of Stone's and Talos's long-term

debt and cash; and (iii) the values of Talos's capitalized leases and the senior unsecured notes that will be exchanged in the Proposed Transaction.

47. With respect to Petrie's Capital Market Comparison Analysis, the Registration Statement fails to disclose: (i) the individual multiples for the companies observed by Petrie in the analysis; (ii) the values for Stone's and Talos's long-term debt, capitalized leases, and cash; and (iii) the senior unsecured notes of Talos that will be exchanged in the Proposed Transaction.

48. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Transactions; (ii) Stone Energy's Reasons for the Transactions; Recommendation of the Stone Energy Board; (iii) Opinion of Stone Energy's Financial Advisor; (iv) Certain Financial Forecasts of Stone Energy; and (v) Certain Financial Forecasts of Talos Energy.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Stone Energy's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Stone Energy**

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Stone Energy is liable as the issuer of these statements.

52. The Registration Statement was prepared, reviewed, and/or disseminated by the

Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Talos

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and Talos acted as controlling persons of Stone energy within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Stone Energy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the

Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and Talos was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

62. Talos also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63. By virtue of the foregoing, the Individual Defendants and Talos violated Section 20(a) of the 1934 Act.

64. As set forth above, the Individual Defendants and Talos had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with

irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: February 8, 2018 **O'BELL LAW FIRM, LLC**

By: */s/ Eric J. O'Bell*
Eric J. O'Bell (#26693)
3500 North Hullen Street
Metairie, LA 70002
(504) 456-8677
(504) 456-8653 Facsimile
*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800